THE HONORABLE JOHN C. COUGHNEOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON SEATTLE

| | |
|---|---|
| Shellise Montgomery, <br><br> Plaintiff, <br><br> Vs. <br><br> Northwest Trustee Service et al., Defendant(s) | No. C09-0159 <br><br> EMERGENCY MOTION FOR INJUNCTION NOTED ON MOTIN CALENDAR FOR JUNE 10, 2009 <br><br> REQUESTING ORAL ARGUMENT |



09-CV-00159-DISCL

## I. EMERGENCY MOTION

**COME NOW**, Plaintiff, Shellise Montgomery, Pro Se, and a victim of predatory lending practices, and move this Honorable Court to enjoin Defendants, Northwest Trustee Services, and Helvetica Funding Inc., from proceeding with or re-listing the foreclosure sale against Plaintiff's home, now set for July 6, 2009 at 10:00 a.m., on the plaintiff's primary residence and real property known by the address of 1321 33rd Ave South, Seattle Washington 98144, or from otherwise transferring title to the Property **(Exhibit 1)**.

The defendants' practice is to make loans that are designed to fail; they are not in the business of providing mortgages but refinancing distressed homeowners in foreclosure and sell their mortgages and deeds of trusts once the homeowner defaults which is an adequate benchmark for discrimination under the Civil Rights Act of 1871.

EMERGENCY MOTION FOR AN INJUNCTION        1

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122

Plaintiff has filed a Complaint in United States District Court for the Western District of Washington, Civil Action No. C09-0159, seeking adjudication of various predatory lending claims regarding the mortgage with Defendants, Helvetica Funding Inc., Northwest Trustee Service, Escrow Professionals, Litton Loan Servicing, and Tri Point Mortgage. A true and correct copy of the Complaint is attached hereto, made a part hereof by reference and marked (**Exhibit 2**). The plaintiff request for an emergency motion for injunction and hearing for the following "Cause":

1. Federal Claim violations pursuant to the Truth and Lending Act (TILA),
2. Home Ownership Equity Protection Act (HOEPA), and
3. The Real Estate Settlement Procedures Act (RESPA).

The loan is **unconscionable**, provides unjust enrichment to the defendant Helvetica and Northwest Trustee Service and is otherwise an illegal and unenforceable debt pursuant to federal violations committed by the defendants. The plaintiff has a forensic audit pending which will clearly show the Federal violations: TILA, HOEPA, and RESPA. The Plaintiff is likely to succeed on the merits of her claims.

## II. VENUE

This Court has jurisdiction under 15 U.S.C. §1604(e) (TILA). The plaintiff asserts that the venue is proper at this time to continue the case in Federal Court. Also, the plaintiff is entitled to declaratory relief pursuant to 28 U.S. C. § 2202.

The plaintiff is in the process of submitting a motion to dismiss the complaint from superior court without prejudice to commence the case in Federal Court. The issues in superior court are estoppels at this time for the following reasons:

EMERGENCY MOTION FOR AN INJUNCTION    2

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122

1. The complaint was filed in Federal Court first then in State Court in order to deal with the state violations especially the Washington State Consumer Act, the Washington State Brokers Act and the Escrow Act,
2. The broker and the plaintiff has resolved all issues raised in the complaint to the plaintiff's full satisfaction pursuant to which it is refunding all compensation it received in relation to my loan referenced in this complaint,
3. Escrow Professionals is no longer in business,
4. The violations for recession of the loan are federal violations.

The plaintiff asserts that the Rooker-Feldman Doctrine, Anti-Injunction Act, the Truth and Lending Act as well as Section 1983 of the Civil Rights Act allow the plaintiff to transfer her case to Federal Court for the following reasons:

1. The Anti Injunction act will provide a Federal remedy to the foreclosure;
2. The Rooker-Feldman Doctrine does not bar the court from hearing this motion;
3. The Civil Rights Act of 1871 protects the plaintiff and her property.

This venue is deemed proper in the interest of justice. The plaintiff asserts that the violations that are now at bar primarily consist of federal violations of the Truth and Lending Act, Home ownership protection Act, and Real Estate Procedures Act. Further, since the claim was filed in Federal Court first the plaintiff is petitioning the court to take jurisdiction of the case.

### III. SUPERIOR COURT ACTIONS

The Superior Court Judge granted a Preliminary Injunction requiring the plaintiff to pay $7,004.01 a month until the case went to trial **(Exhibit 3)**. The plaintiff paid the first payment; however, no other payments have been made because the plaintiff had personal issues to include; complications with her pregnancy resulting in having her baby pre-term. As well as an inconsistent income stream concerning self employment.

The defendants counsel requested a motion to dissolve the preliminary injunction. The plaintiff did not respond to the motion due to the fact that her newborn was sick and subsequently had to stay in the hospital, however; the judge granted their request **and signed an order dissolving the injunction.**

The plaintiff has filed a motion to reinstate the preliminary injunction **(Exhibit 4).** Pursuant to RCW 7.40.210 the code states that: <u>Upon an order being made dissolving or modifying an order on injunction, the Plaintiff may move the court to reinstate the order, and the court may, in its discretion, allow the motion, and appoint a time for hearing…the order of injunction shall be dissolved, modified, or reinstated, as the court or judge may deem right. Until the hearing of the motion to reinstate the order of injunction, the order to dissolve or modify it, shall be suspended.</u>

However, since the lawsuit is still active the Plaintiff filed discovery requests. The defendants have responded to one request for admissions but they have not responded to the request for production **(Exhibit 5)** for Superior Court. The defendants have not to date responded to the Federal Court Request for production of documents or request for admissions **(Exhibit 6).**

### IV. BACKGROUND

On or about May 2007, the Plaintiff executed a note and mortgage on her residence wherein Defendant, Helvetica Funding Inc, obtained a security interest in Plaintiff's real property. The monthly payments were $7001.04 **(Exhibit 7).** Helvetica promised the plaintiff that they would refinance the loan to an affordable payment at a lower interest rate. The holder of said mortgage is Defendant, Helvetica Funding Inc.

The Plaintiff has alleged in the Complaint, that the originator of the mortgage, Defendant, Helvetica Funding, engaged in predatory lending practices and failed to provide Plaintiffs with accurate Truth in Lending disclosures at settlement as required by the Truth-In-Lending Act

1  ("TILA"), 15 U.S.C. §1601 *et seq.* and Regulation Z of the Federal Reserve Board ("Regulation
2  Z"), 12 C.F.R. §226.1 *et seq.* including but not limited to notice pursuant to the Home Ownership
3  and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").  In addition Litton loan
4  submitted extra fees in their payoff request of $399,858.44 owed but Litton overflated their fees
5  and charged $430,417.81 for a total of $30,559.37 due back to the plaintiff.  Further the plaintiff
6  paid Litton Loan $23,000.00 in certified funds to stop the initial foreclosure; the total amount in
7  dispute is $50,559.37 **(Exhibit 8).**

## V. TRUTH AND LENDING VIOLATIONS

10  Due to the violations of TILA and Regulation Z, the Plaintiff has an ongoing right to
11  rescind the transaction until receipt of all "material" disclosures pursuant to TILA and
12  Regulation Z.   Plaintiffs exercised her right to rescind the May 10, 2007 loan transaction upon
13  the filing of the Complaint on or about July 28, 2008 **(Exhibit 9).** In addition the plaintiff has
14  three year recession claim section 1635(f) of TILA.
15  Pursuant to TILA, upon a mortgage holder's failure to respond to a rescission request
16  within twenty (20) days, the security interest becomes void.  Pursuant to TILA, Plaintiffs are
17  entitled to damages and the equitable remedy of rescission of the loan. Notwithstanding
18  Plaintiffs' rescission of the loan, Defendant, Helvetica Funding has unlawfully continued
19  foreclosure and execution proceedings upon the Property, in the Superior Court of King County,
20  and is attempting to execute a Judgment in foreclosure against said property despite what the
21  Revised Code of Washington State.

EMERGENCY MOTION FOR AN INJUNCTION          5

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122

## VI. HOME OWNERSHIP PROTECTION ACT VIOLATIONS

The loan between the plaintiff and the defendant Helvetica Funding was a high rate mortgage within the meaning of Home Ownership Protection Act, 15 U.S.C. § 1602, the fees were greater than allowed. Further the plaintiff did not receive the loan documents three days before closing. The plaintiff received and signed the papers that same day as closing May 10, 2009, with the HUD-1 being changed on May 16, 2009. Helvetica failed to give the required disclosures a violation under 15 U.S.C. §1639.

## VII. REAL ESTATE SETTLEMENT PROCEDURES ACT

The defendants violated the Real Estate Settlement Procedures Act by charging high settlement charges $46,191.10.00 (12 U.S.C. § 2601). The plaintiff asserts that Helvetica was given a kickback and charged for services not performed; HUD-1 line 811 Lender fees to Helvetica $1,489.00, for unearned services in addition to the $17,875.00 received for loaning the money **(Exhibit 10)**. This is a violation of the Real Estate Settlement Procedures Act 12 U.S.C. § 2601(b) and 12 U.S.C. § 2607 (a), section 8(b) of RESPA. Further the defendant did not respond to the "Qualified Written Request" dated April 6, 2008 a direct violation of the Real Estate Settlement Procedures Act (sec 2605(e)) **(Exhibit 11)**. This will be revealed in the production of documents and/or the forensic audit as part of the discovery request.

## VIII. RESPONSE TO MEDIATION INITIATION

I, Shellise Montgomery, initiated efforts to confer with the Counsel representing Northwest Trustee Service, Melissa Williams; it was not possible to set up a conference to negotiate an agreement. To date:

1. Litton Loan Servicing, Escrow professionals and Tri Point Mortgage have not responded to the complaint within the 20 days time period.

2. Escrow Professionals is no longer in business. See **(Exhibit 12)**

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122

EMERGENCY MOTION FOR AN INJUNCTION         6

3. Tri Point mortgage and the plaintiff Shellise Montgomery have resolved all issues raised in my complaint to my full satisfaction pursuant to which it is refunding all compensation it received in relation to my loan.

4. Northwest Trustee Service, Trustee for Helvetica is still proceeding with the Trustee Sale scheduled for July 6, 2009 at 10:00 A.M.

## IX. RELIEF FOR RECISION

Helvetica Funding is responsible for the violations of which occurred in the course of the loan transaction with the plaintiff. These violations include the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, which allows the plaintiff to rescind the transaction which created the mortgage that is the subject of the motion for injunction referencing the foreclosure proceeding. Rescission of this consumer loan transaction automatically voids the mortgage held by Helvetica funding on the property located at 1321 33rd Ave South, Seattle Washington, 98144. Once a borrower exercises the right to rescind under the Truth-In-Lending Act any security interest taken by the lender in connection with the loan transaction becomes void (15 U.S.C. § 1635 (f)).

The Truth and Lending Act removes the interest and other charges from the loan when rescission occurs. This means that the Helvetica Funding cannot collect any interest. Also, Helvetica Funding is not allowed to collect any closing costs, broker's fee and points which total $46,191.10. In addition, the plaintiff is entitled to a credit for the amounts paid which is $24,916.03 + $24259.20 in interest charges the plaintiff has paid Helvetica Funding, for a total refund amount of entitled to the plaintiff of $49,215.23.

The Federal Truth-In-Lending Disclosure Statement given to Homeowner (attached as Exhibit F) provides certain disclosures which are required by the Truth-In-Lending Act, 15 U.S.C. § 1635(f), 1635(f) of TILA and referencing Beach v. Ocwen Federal Bank.. These include the annual percentage rate, finance charge, amount financed and total of payments. If

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122

EMERGENCY MOTION FOR AN INJUNCTION            7

1  these are not accurately disclosed, the consumer has a right to rescind. Regulation Z, § 226.23(a)
2  (3); *Steele v. Ford Motor Credit Co.*, 783 F.2d 1016 (11th Cir. 1986).
3  Because these disclosures are misstated beyond the permitted tolerances, the plaintiff can rescind
4  as a defense.
5      The right to rescind ordinarily exists for three days. When certain material disclosures
6  are not properly made, including the finance charge, the right to rescind continues for three
7  years. 12 C.F.R. § 226.23(a)(3). It can also, as noted above, be raised at any time as a defense
8  or by way of recoupment. *See also*, § 1640(e). Homeowner rescinded this transaction by letter
9  dated July 28, 2009.
10     Consequently, the rescission letter of July 28, 2009 and the "Qualified Written Request"
11 dated April 6, 2008, where defendants did not respond, automatically voids the deed of trust held
12 by Helvetia. Without a valid deed of trust, the trustee cannot maintain a foreclosure action. If it
13 is determined that this foreclosure action is premised upon an invalid mortgage but the sale is
14 allowed to proceed on July 6, 2009, it is clear that the plaintiff and her five kids will suffer
15 immediate, substantial and irreparable harm.
16     Helvetica Funding, on the other hand, will suffer relatively little harm if this Court
17 prohibits the foreclosure sale of the plaintiffs' home. The amount of money that Helvetica will
18 lose pending the outcome of this litigation is not significant. Upon rescission of the loan the
19 plaintiff denies that any money is due and owing to Helvetica Funding Inc.,

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122

EMERGENCY MOTION FOR AN INJUNCTION      8

**WHEREFORE**, Plaintiff, Shellise Montgomery requests this Honorable Court to issue an Order pursuant to Fed. R. Civ. P. 65, enjoining Defendants, Northwest Trustee Service and Helvetica Funding from holding, continuing with or re-listing the sale of the Property located at 1321 33rd Ave South, Seattle Washington 98144, scheduled to be sold on July 6, 2009; and otherwise transferring title to the Property, taking any further action in this litigation; until the final outcome of this Matter. Further, the plaintiff requests,

1. Relief for Damages in an amount equal to three times the amount of any charge paid for such settlement service (3 X $46,191.10) totals $138,573.30, pursuant to 12 U.S.C. § 2607(d)(2)
2. Relief for actual damages 15 U.S.C §1640 (a)(1);
3. Relief for Statutory damages pursuant to 15 U.S.C. §1640(a)(2)
4. Damages in an amount pursuant to 12 U.S.C.§2607(d)(2) in Violation of Federal laws
5. Judgment that Helvetica violated TILA
6. Costs of this Action pursuant to 12 U.S.C §2607(d)(5)
7. Issue an injunction pending the outcome of the forensic audit due to be completed by June 19, 2009 by affidavit.

Dated: June 10, 2009.

Respectfully Submitted,

_____
Shellise Montgomery, Pro Se

///

///

///

///

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122

EMERGENCY MOTION FOR AN INJUNCTION    9

1  ///
2  ///
3  ///
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10
11                                      **ORDER**

12       THIS MATTER having come before the court, and on the hearing on the plaintiff
13  Shellise Montgomery's Motion for Emergency Injunction. The Court considered the Motion,
14  and related pleadings, and the arguments of Shellise Montgomery. Being fully advised, the
15  Court hereby:
16
17       IT IS SO ORDERED that Defendants, Northwest Trustee Services, and Helvetica
18  Funding Inc., are enjoined from proceeding with or re-listing the foreclosure sale against
19  Plaintiff's home, now set for July 6, 2009 at 10:00 a.m., on the plaintiff's primary residence and
20  real property known by the address of 1321 33rd Ave South, Seattle Washington 98144, or from
21  otherwise transferring title to the property.
22
23
         DONE IN OPEN COURT THIS _____ day of _____, 2009.
24
25

                                                    Shellise Montgomery, Pro Se
                                                    P. O. Box 22922
                                                    Seattle WA 98122

EMERGENCY MOTION FOR AN INJUNCTION           10

The Honorable John C. Coughenour

Presented By:

Shellise Montgomery, Pro Se

EMERGENCY MOTION FOR AN INJUNCTION        11

Shellise Montgomery, Pro Se
P. O. Box 22922
Seattle WA 98122