THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHELLISE MONTGOMERY,

              Plaintiff,

      v.

NORTHWEST TRUSTEE SERVICES, INC,
and HELVETICA CAPITAL FUNDING,
LLC,

             Defendants.

Case No. C09-0159-JCC

ORDER

      This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 47) and supporting memorandum (Dkt. No. 48). Plaintiff did not file a response. Having thoroughly considered Defendants' briefing and the relevant record, the Court grants the motion for the reasons explained herein.

      Plaintiff sets forth several claims in her amended complaint. (Dkt. No. 9.) The Court considers Plaintiff's failure to respond as an admission that Defendants' motion for summary judgment has merit on all claims, particularly where Defendant has provided affidavits and supporting documentation. *See* Local Rules W.D. Wash. CR 7(b)(2). Although the Court must give pro se litigants leeway with respect to procedural requirements, *see Abassi v. INS*, 305 F.3d 1028, 1031 (9th Cir. 2002), nearly two months have passed since the response deadline

ORDER, C09-0159-JCC
PAGE - 1

1  and the rule requiring a response to a motion for summary judgment is not a technical

2  procedural rule, *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)

3  ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to

4  a hearing on the merits of their claim due to ignorance of technical procedural requirements.")

5  As to Plaintiff's Truth in Lending Act ("TILA") claim, Defendants assert that Plaintiff

6  received all necessary TILA disclosures and that Plaintiff commenced her case outside the

7  statute of limitations. (Defs.' Resp. 8–9 (Dkt. No. 48)); *see also* 15 U.S.C. § 1640. Plaintiff

8  does not challenge Defendants' assertions or set forth facts suggesting that equitable tolling is

9  appropriate. *See King v. State of California*, 784 F.2d, 910, 915 (9th Cir. 1986). Accordingly,

10  the Court grants summary judgment for Defendants on Plaintiff's TILA claim.

11  As to Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claim, Defendants

12  assert the Plaintiff did not properly submit a "qualified written report" and that, nonetheless,

13  Defendant Northwest Trustee Services responded to Plaintiff's attempted inquiry. (Defs.'

14  Resp. 9–10 (Dkt. No. 48)); *see also* 24 C.F.R. § 3500.21. Defendants also assert that the statute

15  of limitations bars Plaintiff's RESPA claim. (Defs.' Resp. 10 (Dkt. No. 48)); *see also* 12

16  U.S.C. § 2614. Plaintiff does not challenge Defendants' assertions. Accordingly, the Court

17  grants summary judgment for Defendants on Plaintiff's RESPA claim.

18  As to Plaintiff's fraud and misrepresentation claims, Defendant Helvetica asserts that it

19  had no contact with Plaintiff during the loan negotiation; that the differences between the

20  good-faith estimate and final-loan documents are usual, customary, minor, and consistent with

21  state and federal law; and that Helvetica retains the beneficial interest of the deed of trust.

22  (Defs.' Resp. 11–12 (Dkt. No. 48).) Defendant Northwest Trustee Services asserts that it

23  properly recorded an appointment of successor trustee. (*Id.* at 12.) Plaintiff does not challenge

24  Defendants' assertions. Accordingly, the Court grants summary judgment for Defendants on

25  Plaintiff's fraud and misrepresentation claims.

26  As to Plaintiff's negligence claims, Defendants assert that they had a right to rely on

ORDER, C09-0159-JCC
PAGE - 2

1    borrowers' representations during contracting and relied on Plaintiff's representations

2    regarding her income. (*Id.* at 13.) Defendants also assert that they have no duty arising from a

3    special relationship with Plaintiff. (*Id.* at 14.) Plaintiff does not challenge Defendants'

4    assertions. Accordingly, the Court grants summary judgment for Defendants on Plaintiff's

5    negligence claims.

6        As to Plaintiff's consumer-protection claims, Defendant Helvetica asserts that it had no

7    contact with Plaintiff during the loan negotiation and that it properly disclosed the broker fees.

8    (*Id.* at 15.) Plaintiff does not challenge these assertions. Accordingly, the Court grants

9    summary judgment for Defendants on Plaintiff's fraud and misrepresentation claims.

10        As to Plaintiff's equity-skimming claim, Defendants assert that Plaintiff does not allege

11    sufficient facts to satisfy the statutory requirements. (*Id.* at 17–18.) Similarly, as to Plaintiff's

12    injunctive-relief and usury claims, Defendants assert that they did not violate the statutes

13    Plaintiff cites, even if they applied to the transaction, because Defendant Helvetica did not

14    qualify as a "mortgage broker" and because the interest rate charged fell below the statutory

15    threshold. (*Id.* at 15–19.) Plaintiff does not challenge these assertions. Accordingly, the Court

16    grants summary judgment for Defendants on Plaintiff's equity-skimming, injunctive-relief, and

17    usury claims.

18        For the foregoing reasons, the Court GRANTS Defendants' motion for summary

19    judgment (Dkt. No. 47.) The Court DISMISSES this action with prejudice.

20        DATED this 29th day of October, 2010.

21

22

23

24                          John C. Coughenour
                           UNITED STATES DISTRICT JUDGE

25

26

ORDER, C09-0159-JCC
PAGE - 3